**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4810**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WAYNE EDWARD SPINKS,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Frank W. Bullock, Jr., District Judge.  (CR-04-426)

---

Submitted:  May 31, 2006                    Decided:  June 14, 2006

---

Before WILKINSON, WILLIAMS, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Wayne Edward Spinks was convicted by a jury on two counts each of possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1) (2000); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2000); and possession of a firearm in connection with drug trafficking, in violation of 18 U.S.C. § 924(c)(1) (2000). Pursuant to 18 U.S.C. § 924(e)(1) (2000), Spinks was sentenced as an armed career criminal. After calculating each of his offenses, the presentence report set a range of 595 to 653 months' imprisonment under the advisory sentencing guidelines. The district court sentenced Spinks to the shortest term possible under the applicable statutes, 540 months' imprisonment, determining this sentence to be reasonable given Spinks' age. Spinks now appeals his convictions and sentence.

Spinks contends the district court erred in denying his Fed. R. Crim. P. 29 motion for a judgment of acquittal on all counts but the fifth, to which he admitted his guilt at trial. We review the district court's decision to deny a Rule 29 motion de novo. United States v. Lentz, 383 F.3d 191, 199 (4th Cir. 2004), cert. denied, 125 S. Ct. 1828 (2005). Where, as here, the motion was based on insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United

States, 315 U.S. 60, 80 (1942). We have "defined 'substantial evidence,' in the context of a criminal action, as that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (quoting United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc)).

With these principles in mind, we find a reasonable factfinder would find the evidence sufficient to support Spinks' convictions. For his part, Spinks characterizes the officers who testified at trial as unreliable and urges a finding that his testimony was credible. However, in evaluating the sufficiency of the evidence, we do not "weigh the evidence or review the credibility of the witnesses." United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). Where the evidence supports differing reasonable interpretations, the jury decides which interpretation to believe. Id.. In this case, the jury found the testimony of the officers to be credible and Spinks' testimony to lack credibility. Viewing the evidence in the light most favorable to the Government, we find the district court did not err in denying Spinks' Rule 29 motion.

Spinks also contends his sentence as an armed career criminal violates the Sixth Amendment. However, he acknowledges this argument is foreclosed by United States v. Thompson, 421 F.3d

278 (4th Cir. 2005), <u>cert. denied</u>, 126 S. Ct. 1463 (2006) (holding that the use of prior offenses to invoke the statutory armed career criminal enhancement under 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2005) is permissible without indictment presentment or jury submission so long as no facts extraneous to the facts necessary to support the enhancement need be decided to invoke the enhancement).

Accordingly, we affirm Spinks' convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>